IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 17-00270-01-CR-W-DGK |
| DONNIE BRETT BUTCHER, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER OF CONTINUANCE

On March 28, 2017, the Grand Jury returned an indictment charging the defendant with two counts of attempted distribution of child pornography over the internet, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4). This criminal action is currently set for trial on the joint criminal trial docket which commences May 7, 2018.

On April 17, 2018, defendant Butcher, by and through counsel, filed a motion for continuance and suggestions in support thereof. The suggestions in support of the defendant's motion for continuance state, in part, as follows:

> Counsel has received discovery in this matter. Counsel requires additional time to review discovery, conduct independent investigation, and discuss the charges and any possible defenses with Mr. Butcher, as well as engage in plea discussions with the Government. Counsel has been actively engaged in plea discussions with the Government, but needs additional time to advise Mr. Butcher concerning his options.
>
> For the foregoing reasons, counsel cannot be adequately prepared to try this case on the May 7, 2018 joint criminal jury trial docket. Counsel is requesting that this case be moved to the August, 2018 joint criminal jury trial docket, due to a very busy trial and travel schedule through July, 2018.

> Counsel has discussed this request for continuance with Mr. Butcher, and he does not object. Counsel has also communicated with Catherine Connelly, counsel for the Government, and she does not object.

The Speedy Trial Act of 1974, as amended, mandates the commencement of the trial of a defendant within 70 days from the defendant's first appearance before a judicial officer of the Court in which the charge is pending. In computing the 70-day time period, the periods of delay set forth in 18 U.S.C. § 3161(h) are to be excluded. Any period of delay resulting from a continuance granted at the request of a defendant is excludable if the Court finds the ends of justice served by the taking of such action outweigh the best interest of the public and the defendant in a speedy trial, provided the Court sets forth the reason for such finding.

Section 3161(h)(7)(C) provides that a continuance shall not be granted because of general congestion of the Court's calendar. In ordering this case removed from the joint criminal jury trial docket which will commence May 7, 2018, and continuing the trial until the joint criminal jury trial docket which will commence August 20, 2018, the Court is not doing so because of congestion of its calendar.

The Court finds that:

1. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, it would be unreasonable to expect defense counsel to prepare this criminal action adequately for trial prior to August 20, 2018;

2. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence May 7, 2018, and grant a continuance likely would result in a miscarriage of justice;

3. In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, failure to remove this criminal action from the joint criminal jury trial docket which will commence May 7, 2018, and grant a continuance would deny defense

      counsel the reasonable time necessary for effective preparation and thus would deny the defendant his right to effective assistance of counsel; and

  4.  In light of the circumstances set out in the above-quoted portion of the suggestions in support of the motion for continuance, the ends of justice served by removing this criminal action from the joint criminal jury trial docket which will commence May 7, 2018, and granting a continuance outweigh the best interest of the public and the defendant in a speedy trial.

It is therefore,

ORDERED that the motion for continuance of this criminal action filed by defendant Butcher on April 17, 2018 (Doc. No. 21), is GRANTED and that this criminal action is removed from the joint criminal jury trial docket which will commence May 7, 2018. It is further

ORDERED that this criminal action is set for trial on the joint criminal jury trial docket which will commence August 20, 2018. It is further

ORDERED that the pretrial conference set for April 19, 2018, is continued until further Order of the Court. It is further

ORDERED that, pursuant to 18 U.S.C. § 3161(h), the time between the date of this Order and August 31, 2018, shall be excluded in computing the time within which the trial of this criminal action must commence.

                  */s/ JOHN T. MAUGHMER*
                    JOHN T. MAUGHMER
                   United States Magistrate Judge

Kansas City, Missouri